UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DOUGLAS W. BYRD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:08CV1368SNLJ |
| | ) |
| **AUTO-OWNERS INS. CO., ET. AL.,,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff originally filed this breach of contract and vexatious refusal to pay action in the Circuit Court for the City of St. Louis. On or about September 9, 2008 defendant State Farm Mutual Automobile Insurance Co. (State Farm) removed this action to federal court on the grounds of diversity jurisdiction. This matter is before the Court on the plaintiff's motion to remand (#17), filed September 30, 2008. Responsive pleadings have now all been filed and the matter is ripe for disposition.

The essential facts relevant to the issue of remand are undisputed. On August 4, 2008 plaintiff filed its petition in the Circuit Court of the City of St. Louis against defendants Auto-Owners Ins. Co. (Auto-Owners), State Farm, and AllState Fire and Casualty Ins. Co. (AllState) for the state-law claims of breach of contract and vexatious refusal to pay. All defendants were properly served, on August 20, 2008, pursuant to §375.256 R.S.Mo.

On or about September 9, 2008 State Farm filed a Notice of Removal and Removal Petition seeking to remove the state court action to the United States District Court for the Eastern District of Missouri, Eastern Division. At the time of the filing of State Farm's Notice of Removal and Removal Petition, neither Auto-Owners nor AllState had joined in the Notice nor

had filed their own separate Notices. In its Notice, State Farm averred that it had "obtained consent to removal from representatives of the Co-Defendants".

On or about September 11, 2008 defendant Auto-Owners filed a Consent to Removal. (#8). As of September 19, 2008 defendant AllState had neither filed a Notice of Removal nor a Consent to Removal; the only action it had taken was to file an entry of appearance in the state court action.

On or about September 24, 2008 All-State filed an entry of appearance and an answer in federal court (#13 and #14). On or about September 30, 2008 plaintiff filed the instant motion to remand. Meanwhile, on the same day, defendant AllState filed its Consent to Removal (#19).

Plaintiff contends that removal of this action is improper because all the defendants did not consent to said removal within the required thirty (30) days of service. It further contends that State Farm's suggestion in its Notice of Removal that it had the consent of the "representatives of the Co-Defendants" to the removal is not sufficient to overcome the lateness of AllState's consent. Defendants counter that the suggestion in State Farm's Notice was a sufficient timely expression of All-State's consent to removal. Furthermore, they argue that even if the Court were to find that the suggestion of consent in State Farm's Notice was not sufficient, such a defect in removal is only a "technical" defect not warranting remand. Finally, they argue that AllState's entry of appearance and answer filed on September 24, 2008 and/or AllState's written consent to removal filed on September 30, 2008 is sufficient to cure the defect.

After careful review of the parties' pleadings, the submitted exhibits, and the relevant caselaw, the Court finds that the removal of this case was improper in that all defendants failed to provide consent to removal to the Court within thirty (30) days of service. Plaintiff's motion to remand will be granted.

Under federal law, a notice of removal must be filed within thirty (30) days of service. 28 U.S.C. §1446. Although not explicit within §1446, it is well-established that all defendants must join in the removal pursuant to the "rule of unanimity". Horton v. Conklin, 431 F.3d. 602, 604 (8th Cir. 2005); Marano Enterprises v. Z-Teca Restaurants, Inc., 254 F.3d. 753, 755-57 (8th Cir. 2001); Amteco, Inc. v. Bway Corp., 241 F.Supp.2d. 1028, 1029-30 (E.D.Mo. 2003); Porter v. Safeco Ins. Co., 2007 WL 3236424 (E.D.Mo. 2007)[1]; Moore v. Federal Ins. Co., 2006 WL 1382330 (W.D.Mo. 2006). Each defendant must "officially and unambiguously consent to a removal petition filed by another defendant within thirty (30) days of service. Porter, *citing* Moore, *supra.* The "rule of unanimity" while not requiring each defendant to necessarily sign the notice of removal, the rule does however require that there must "'be some timely filed written indication from each served defendant" or from some person with authority to act on the defendant's behalf indicating that the defendant 'has actually consented' to the removal." Pritchett v. Cottrell, Inc., 512 F.3d. 1057, 1062 (8th Cir. 2008). Consent must be "written and timely filed, with regard to each formally served defendant" and the failure of one defendant to so consent renders the removal defective, requiring remand. Portz v. Hartford Life and Accident Ins. Co., et. al., 2008 WL 2986272 (D.Neb. 2008)(internal citations omitted).

Removal statute(s) are to be strictly construed. Amteco, at 1029; Ross, et. al. v. Thousand Adventures of Iowa, et. al., 178 F.Supp. 2d. 996, 999 (S.D.Iowa 2001); Portz, *supra.*; Consteel Erectors, Inc. v. Scharpf's Construction, Inc., et. al., 2008 WL 2323368 (D.Neb. 2008). "The unanimity rule is a strong rule governing notices of removal, and enforcement of the rule

---

[1]Although it is not the Court's usual practice to cite to unpublished opinions, in matters concerning remand, district court opinions are generally not published. Only those unpublished decisions which this Court finds particularly helpful and instructive on the matter(s) at hand will be cited.

allows the plaintiff's choice of forum strong deference . . .[A]ny doubt regarding removal is to be resolved in favor of remand." Ross, at 1002 (internal citations omitted). "[A]ll doubts arising from defective, ambiguous and inartful pleadings [in a removed case] should be resolved in favor of the retention of state court jurisdiction." Wilkinson v. Shackelford, 478 F.3d. 959, 964 (8th Cir. 2007); Portz, *supra.*; Consteel Erectors, *supra.*; *see also*, Ross, at 999. The burden on establishing federal jurisdiction is on the removing party. Ross, at 999; Hartford Life and Accident Ins. Co., *supra.;* Consteel Erectors, *supra.*

The pivotal issue in the present case is a dispute as to whether All-State complied with the rule of unanimity with the timely filing of State Farm's Notice of Removal wherein State Farm's attorney stated that the "Co-Defendants" had "consented" to removal. Defendants argue that the "written consent" is the statement contained in the filed Notice. They rely primarily on the City of University City, Missouri v. A.T.&T. Wireless Services, Inc., 229 F.Supp. 927 (E.D.Mo. 2002) in support of this contention. Furthermore, based upon the holding in City of University City, *supra.*, defendants contend that even if the "consent" referenced in State Farm's Notice of Removal is not sufficient as to AllState, such a defect is only technical and does not warrant remand.

In City of University City, Missouri v. A.T.&T. Wireless Services, *supra.*, the District Court stated that "[B]ecause the Defendants' counsel averred that all Defendants consented to removal, the failure to provide proof of such consent was a technical defendant. If there was no averment by counsel that all parties consented to the removal, then remand would be appropriate." Id., at 930. The University City Court did not set out the background facts of the case, nor did it provide any insight as to the circumstances of the "averment by counsel". Finally, the University City Court did not set forth any legal authority upon which it relied upon in

4

determining that, at most, the failure to provide proof of consent to removal was nothing more than a "technical defect" not warranting remand.

Following the University City decision, another Eastern District of Missouri court again addressed the issue of a corporate defendant's consent to removal. In Amteco, *supra.*, the Court pondered the matter: "Is removal proper where a corporate defendant's president provides oral consent to the removing co-defendant's lawyer, but the corporation does not provide any form of consent directly to the court within thirty days?". Amteco, at 1029. After setting forth factual background regarding the removal and the circumstances of the oral consent, the Court went through a detailed analysis of removal pursuant to 28 U.S.C. §1446 and the rule of unanimity. After reviewing numerous cases outside the district (some of which have been cited to this Court) which have addressed this issue of consent by a co-defendant and whether it has to be in writing and communicated directly to the Court, the Amteco Court held as follows:

> "Nevertheless, I conclude that the law is that stated by numerous courts in other contexts: consent to removal must be unambiguous, and it must be communicated directly to the court - - whether in writing or orally - - and not simply to one's co-defendant. The common practice in this district is not sufficient under the removal statute.[2] For a corporate defendant, this means that an attorney must enter an appearance and provide unambiguous consent . . . the consent must be explicit and must be made of record to the court within the thirty-day time limit. This rule

---

[2]Having earlier referred to the University City case as the only case out of the Eastern District of Missouri, and a case from this district not requiring consent to be in writing and filed with the court, this Court must presume that this reference to "the common practice in this district is not sufficient under the removal statute" is an indirect invalidation of the holding in University City. This Court also notes that the Western District of Missouri, in addressing the issue of whether an averment in a notice of removal by a defendant that a co-defendant consents to removal is sufficient, reviewed the University City case, and upon questioning the lack of a factual background in the opinion and "because the court did not elaborate on either the `technical defect' of the consent or the reasoning behind its decision to ignore the technical defect", declined to adopt its holding. Moore, *supra.*

5

> protects the interests of all parties and places the burden
> of justifying removal where the statute intended it to
> be placed: on the defendants seeking to invoke federal
> jurisdiction. Federal jurisdiction is limited, and the law
> requires the removal statute to be strictly construed. The
> rule also has the practical advantage of discouraging disputes
> over what parties may have said to one another outside of court."

Amteco, at 1032.

In the present case, a claims specialist for AllState (Greg Asia) purportedly gave consent to removal to State Farm's counsel. Documents #21 and #22. Other than the statement contained within the Notice of Removal, no other written documents were filed with the Notice of Removal evidencing this "consent". This Court concurs with the analysis and conclusion of the Amteco Court. Removal is an important jurisdictional act which deprives a plaintiff of their choice to litigate in state court, and therefore, must be given great deference. The removal statutes are to be strictly construed in favor of state court jurisdiction, and any ambiguity must be resolved in favor of remand. Here, only a corporate employee of AllState gave oral consent to a co-defendant's attorney to join in the removal petition. Furthermore, AllState filed its initial answer in **state court after allegedly giving consent to removal**. This would indicate that AllState had intended to litigate this case in state court. *See*, Moore, *supra.* Finally, although both Auto-Owners and AllState had allegedly given consent to removal, only Auto-Owners filed a written notice of consent within days of the filing of the Notice of Removal; to-date, AllState has not proffered any reason why it did not do so also.

AllState did not provide the Court with its written consent to the removal within the thirty (30) day time limit. The rule of unanimity has not been met, and therefore, the motion to remand will be granted.

Contrary to the dicta in <u>University City</u>, *supra.,* this Court does not believe that failure to comply with the rule of unanimity is a "technical defect" not warranting remand. The principles governing removal are not superfluous, they are intended to protect state court sovereignty and a plaintiff's right to choose the forum for adjudication. Although it may be argued that failure to comply with the rule of unanimity is a procedural defect, not a jurisdictional defect, it is hardly an insignificant defect to be ignored. Plaintiff timely raised this procedural defect within thirty (30) days of State Farm's filing of the Notice of Removal, 28 U.S.C. §1447(c), and therefore, has not waived such procedural defect. Plaintiff is entitled to remand.

Next, the Court considers the belated filing of AllState's Answer (in federal court) and written Consent to Removal. Firstly, the defendants appear to argue that even though service was proper under §375.256 R.S.Mo[3]., the clock should not start running until such service was communicated to each defendant by the Missouri Department of Insurance or the filing of certain papers evidencing this service. Without citing to any legal or statutory authority, AllState contends that its filing of its written consent on September 11, 2008 was timely because the receipts of the Department of Insurance Acting Director were never filed in the Circuit Court for the City of St. Louis, and were not filed in federal court until September 30, 2008. Under Missouri law, service was perfected on AllState by serving the Director of the Missouri Department of Insurance on August 20, 2008. There is no legal or statutory requirement that such service be "communicated" to defendant by plaintiff in any particular manner outside of service pursuant to §375.256 R.S.Mo. Whether defendant was unaware of service until

---

[3]Pursuant to §375.256 service upon each of these corporate insurance defendants is perfected by serving the Director of the Missouri Department of Insurance. Under this statute, each defendant is deemed to have appointed the Director of Insurance to accept service on their behalf, and this "service of process is of the same legal force and validity as personal service of process in this state upon the insurer."

September 30, 2008 is immaterial. Defendant AllState was served on August 20, 2008 and pursuant to 28 U.S.C. §1446 and relevant caselaw, it had until September 20, 2008 to file its written consent in federal court. The filing of its Answer on September 24, 2008 and its written consent to removal on September 30, 2008 was not timely and failed to comply with the rule of unanimity.

The burden on establishing compliance with the removal requirements lies with the defendants. Defendants were all properly served on August 20, 2008 pursuant to §375.256 R.S.Mo. All defendants had until September 20, 2008 to file either a Notice of Removal or to join in a previously filed Notice of Removal by filing a written consent with the Court. Only defendants State Farm and Auto-Owners complied with the removal requirements; i.e., the rule of unanimity. The mere assertion in State Farm's removal petition that it had "obtained consent to removal from representatives of the Co-Defendants" was not sufficient to provide timely, unambiguous consent of AllState. Since AllState did not file its written consent with the Court on or before September 20, 2008, this case must be remanded to state court.

Finally, plaintiff has requested an award of attorneys' fees and costs in this action. *See*, 28 U.S.C. §1447(c). The Court will deny this request. The defendants' did not act frivolously, wrongly, or in bad faith in seeking removal; they simply failed to comply with the rule of unanimity which rendered their removal petition procedurally defective. *See*, Ross, at 1003, n. 12 *citing* Wells Dairy, Inc. v. American Indus. Refrigeration, Inc., 157 F.Supp.2d. 1018, 1041-43 (N.D.Iowa 2001).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand (#17) be and is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's request for an award of attorneys' fees and costs be and is **DENIED.**

**IT IS FINALLY ORDERED** that this cause of action, in its entirety, be and is **REMANDED** to the Circuit Court for the City of St. Louis.

Dated this  24th  day of November, 2008.

_____
UNITED STATES DISTRICT JUDGE